UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 25-424 |
| RYDER & RYDER, LTD., et al. | SECTION: "G"(1) |

**ORDER**

Before the Court is Defendants Ryder & Ryder, Ltd. and Patrick B. Ryder, Jr's ("Defendants") Motion to Set Aside Entry of Default.[1] Also pending before the Court is Plaintiff Ohio Casualty Insurance Company's ("Plaintiff") Second Motion for Entry of Default.[2] On April 4, 2025, the Clerk granted entry of default against Defendants.[3] Defendants argue the entry of default should be set aside due to excusable neglect.[4] Plaintiff opposes the motion to set aside, arguing that Defendants do not have a meritorious defense to the claims at issue.[5] Considering the motions, the opposition, the reply memorandum, the record, and the applicable law the Court grants the motion to set aside entry of default and denies the second motion for entry of default as premature.

In the motion to set aside, Defendants contend default was not willful but resulted from

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 18.

[3] Rec. Doc. 8.

[4] Rec. Doc. 11.

[5] Rec. Doc. 12.

1

excusable neglect.[6] Defendants' counsel explains that he was in contact with Plaintiff's counsel and was under the impression that a waiver of service was executed, which results in a 60-day delay in answering the complaint.[7] Next, Defendants argue setting aside the Clerk's entry of default does not prejudice Plaintiff because a final default judgment was not issued by the Court, and Plaintiff was aware that Defendants were contesting Liberty Mutual's allegations.[8] Defendants argue this case is still in its early stages, and it is the desire of the Fifth Circuit to allow a case to proceed on the merits.[9] Lastly, Defendants argue they have meritorious defenses and intends to present evidence to the dispute the amounts paid by Liberty Mutual, completion estimates, contract balance estimates, and the amounts owed to certain materialmen and subcontractors.[10] Defendants assert they have acted expeditiously in attempting to correct the default.[11]

In opposition to the motion to set aside, Plaintiff argues Defendants have no meritorious defenses.[12] Plaintiff explains that Defendants executed an indemnity agreement wherein Defendants agreed to indemnify Plaintiff for disbursements made related to the underlying construction bond.[13] Plaintiff contends it is undisputed that Defendants failed to provide collateral to Plaintiff.[14] Plaintiff explains that Defendant was in default and terminated from multiple bonded

---

[6] Rec. Doc. 11-1 at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] *Id.* at 4 – 5.

[11] *Id.* at 5.

[12] Rec. Doc. 12 at 1.

[13] *Id.* at 2.

[14] *Id.*

projects, that the owners of those projects requested that Plaintiff complete the projects due to Defendants' default, Plaintiff incurred costs for investigation, and Plaintiff ultimately paid bond claimants on Defendants' behalf.[15] Plaintiff also contends that its counsel provided Defendants' counsel a courtesy copy of the complaint.[16]

In further support of the motion, Defendants reiterate that they have meritorious defenses to the underlying claims, that the default was not willful, and that setting aside the default will not prejudice Plaintiff.[17] Defendants contend they have demonstrated good cause under Federal Rule of Civil Procedure 55 and request that this Court set aside the Clerk's entry of default, grant Defendants leave of Court to file responsive pleadings, and refer the parties to Magistrate Judge van Meerveld for an early settlement conference.

Federal Rule of Civil Procedure 55(c) states that federal district courts "may set aside any entry of default for good cause." When determining whether good cause exists to set aside an entry of default, "the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[18] The Fifth Circuit has emphasized that "[d]efault judgments are a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations."[19]

Here, the Court finds that good cause exists to set aside the preliminary entry of default against Defendants. Under the first factor, the Court finds that Defendant's default was not willful.

---

[15] *Id.*

[16] *Id.* at 3.

[17] Rec. Doc. 13 at 1–3.

[18] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 545 (5th Cir. 2014) (internal citations omitted).

[19] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Defendants' counsel represents that he was in contact with Plaintiff's counsel prior to the filing of the complaint and was under the impression that a waiver of service was executed, which results in a 60-day delay in answering the complaint. Under the second factor, the Court finds that setting aside the Clerk's entry of default will not prejudice Plaintiff as a final default judgment was not issued. The Court finds that some meritorious defense exists in this case because "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default" based on Defendants' "definite factual allegation."[20] Considering these factors, in addition to the Fifth Circuit's guidance that default judgments are a "drastic remedy," setting aside the entry of default against Defendants is appropriate. Furthermore, with the entry of default against Defendant set aside, Defendants may file an answer to the complaint. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Entry of Default[21] is **GRANTED**. The Clerk of Court's Preliminary Entry of Default[22] is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendants are granted leave of Court to file responsive pleadings to the complaint on or before June 24, 2025.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Entry of Default[23] is **DENIED AS PREMATURE**.

**NEW ORLEANS, LOUISIANA,** this  10th  day of June, 2025.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[20] *See Scott v. Carpanzano,* 556 F. App'x 288, 296 (5th Cir. 2014).

[21] Rec. Doc. 11.

[22] Rec. Doc. 8.

[23] Rec. Doc. 18.