**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OHIO CASUALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **v.** | **NO: 25-0424** |
| **RYDER & RYDER, LTD., ET AL.** | **SECTION: C (1)** |

**ORDER AND REASONS**

Before the court are: (1) The Ohio Casualty Insurance Company's Motion for Partial Summary Judgment (R. Doc. 55), filed on May 21, 2026; and (2) the Joint Unopposed Motion to Continue Discovery Deadlines and Trial, filed on October 5, 2026 (R. Doc. 59). The Ohio Casualty Insurance Company's motion is **DENIED**. The joint motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

The Ohio Casualty Insurance Company, a subsidiary of Liberty Mutual Insurance Company, sued Ryder & Ryder, Ltd. and Patrick B. Ryder, Jr. asserting claims for breach of an indemnity agreement, specific performance, injunctive relief, and *quia timet*.[1] Liberty Mutual is a surety company who issues payment and

[1] R. Doc. 1 ¶¶ 38–109

performance bonds for contractors.[2] Ryder & Ryder is a general contractor.[3] Patrick B. Ryder, Jr. is the sole director, president, and officer for Ryder & Ryder.[4]

By written agreement, Ryder agreed to indemnify and hold harmless Liberty Mutual from losses with any surety bond issued to them.[5] The agreement also obligated Ryder to produce financial records.[6] As security for performance of the agreement, Ryder transferred right, title, and interest in certain property to Liberty Mutual.[7]

Liberty Mutual paid bonds for Ryder in connection with six construction projects.[8] As a result, Liberty Mutual alleges it incurred and continues to incur losses exceeding $5 million.[9] Liberty Mutual demanded indemnification and collateralization from Ryder for its losses.[10] Liberty Mutual asserts Ryder failed to indemnify or collateralize the losses and, thus, defaulted under the agreement.[11] Liberty Mutual further alleges Ryder failed to produce financial records,[12] and states

---

[2] *Id.* at 1; *id.* ¶ 5. For purposes of this order, the court refers to Liberty Mutual as the plaintiff in the captioned matter.
[3] *Id.* ¶ 6.
[4] *Id.* at 1. For purposes of this order, Ryder & Ryder and Mr. Ryder are collectively referred to as "Ryder".
[5] *Id.* ¶¶ 7–8.
[6] *Id.* ¶ 9.
[7] *Id.* ¶ 10.
[8] *Id.* ¶¶ 17–22.
[9] *Id.* ¶¶ 23–27.
[10] *Id.* ¶ 28.
[11] *Id.* ¶ 29.
[12] *Id.* ¶ 33.

certain building materials were removed from project sites by Ryder without Liberty Mutual's consent in violation of the agreement.[13]

Ryder responded that it has the resources to continue work on the bonded projects despite Liberty Mutual's receipt of claims from Ryder's subcontractors and suppliers.[14] Ryder asserts affirmative defenses of bad faith and abuse of rights.[15]

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is

---

[13] *Id.* ¶¶ 35–37.
[14] R. Doc. 1 ¶ 34.
[15] R. Doc. 22 ¶¶ 113–14.

no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Although this court must "resolve factual controversies in favor of the nonmoving party," it must only do so "where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transportation Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). Summary judgment is also appropriate if the party opposing the motion fails to establish an essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Motion for Partial Summary Judgment**

Liberty Mutual seeks a partial summary judgment finding Ryder liable under the indemnity agreement, while noting that "the amount of such Loss to be

determined at a later date."[16] Ryder does not dispute it entered the indemnity agreement, Liberty Mutual issued bonds, and claims were made against the bonds.[17] However, it disputes the validity of those claims and that Liberty Mutual incurred "loss" as defined in the agreement.[18] Ryder acknowledges receiving demand from Liberty Mutual, but disputes whether that letter triggered its indemnity obligation.[19]

"Under Louisiana law, indemnity provisions are construed in accordance with general rules governing contract interpretation. When the terms of a contract are unambiguous and lead to no absurd consequences, we interpret them as a matter of law. On the other hand, ambiguity in the terms of a contract gives rise to a fact question concerning the intent of the parties." *Liberty Mutual Insurance Co. v. Pine Bluff Sand & Gravel Company, Inc.*, 89 F.3d 243, 246 (5th Cir. 1996) (citations omitted).

The application of the following provisions of the agreement is at issue:

> INDEMNITY: Indemnitors shall exonerate, hold harmless, indemnify, and keep Surety indemnified from all liability for Loss. Indemnitors shall pay Surety for Loss promptly upon demand. If Surety makes any Loss payment, Indemnitors agree that in any accounting between Surety and Principals, between Surety and Indemnitors, or either or both of them, Surety is entitled to recover from Indemnitors all disbursements made by it in good faith under the belief that it is or was or might be liable for the sums and amounts disbursed or that it was necessary or expedient to make such disbursements, whether or not

[16] R. Doc. 55-1 at 1–2. Liberty Mutual stated in its motion that "it will know the final amount of its Loss in the near future." *Id.* at 2 n.8.
[17] R. Doc. 57-1 ¶¶ 1–3.
[18] *Id.* ¶¶ 6–7.
[19] *Id.* ¶ 8.

> such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by Surety shall be prima facie evidence of the fact and amount of the liability to Surety. [20]

"Loss" is defined as:

> any loss, fees, costs and expenses, including pre- and post-judgment interest at the maximum rate permitted by law, court costs, counsel fees, accounting, engineering and outside consulting fees, which Surety may sustain or incur or otherwise determine to pay in its sole and absolute discretion, by reason of: (a) a request for a Bond; (b) execution or procurement of a Bond, including any cost incurred by Surety in fulfilling its obligations under any Bond; (c) the failure of Indemnitors to comply with any covenants or conditions of this Agreement or Other Agreement; or (d) in enforcing any of the covenants and conditions of this Agreement or Other Agreements.[21]

Ryder argues that to trigger indemnity, a disbursement must be both a "loss", and made in "good faith".[22] In opposition to this summary judgment motion, Patrick Ryder executed affidavits acknowledging particular bond claims and stating Liberty Mutual requested Ryder's recommendation whether each claim should be paid.[23] According to the affidavits, Ryder affirmed the validity of some claims, but disputed others and recommended those not be paid.[24] With its motion, Liberty Mutual supplied a summary list of the bond claims,[25] to which Ryder responded stating its position regarding each claim's validity.[26]

---

[20] R. Doc. 55-3 at 2.
[21] *Id.* at 1–2.
[22] R. Doc. 57 at 4–5.
[23] R. Doc. 57-2 ¶ 5.
[24] *Id.* ¶ 6.
[25] R. Doc. 55-5.
[26] R. Docs. 57-4, 57-5, 57-6, 57-7, and 57-8.

Because there are questions of fact relative to the condition precedent of "good faith" payments, the question of whether a "loss" has been properly presented is deferred. While the indemnity agreement gives Liberty Mutual "the right, at its option and sole discretion to adjust, settle or compromise any claim," the agreement then requires that any disbursements be made in "good faith". Ryder avers that the contested payments were unnecessary because Ryder challenged the underlying claims and provided legitimate bases for the challenges. Thus, it argues the payments were not in "good faith". On the evidence presented, that determination cannot be resolved by summary judgment.[27] Whether and to what amount Ryder is liable to indemnify Liberty Mutual remains in contest.[28]

## III. CONCLUSION

**IT IS ORDERED** that The Ohio Casualty Insurance Company's Motion for Partial Summary Judgment (R. Doc. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that the Joint Unopposed Motion to Continue Discovery Deadlines and Trial (R. Doc. 59) is **GRANTED IN PART AND**

---

[27] As held by Judge Brown in her October 2025 order, Ryder is entitled to challenge Liberty Mutual's right to reimbursement. R. Doc. 35 at 21–22.

[28] Compare *Ohio Casualty Insurance Co. v. Superior Air, Inc.*, No. 22-cv-535-MMA (KSC), 2023 WL 3855048 (S.D. Cal. June 6, 2023), in which the same indemnity language was considered. The court held Liberty Mutual provided sufficient evidence to shift the burden of proof to the indemnitor. *Id.* at *5–6. The indemnitor failed to meet its burden of proof, and summary judgment was granted in favor of Liberty Mutual on the issue of liability. *Id.* at *6–7.

**DENIED IN PART**. A scheduling conference to select revised pretrial deadlines will be noticed. The dates for the pretrial conference and trial remain (R. Doc. 54).

New Orleans, Louisiana, this 3rd day of November 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE